[No. 10,067.]

## EX PARTE HENRY SIMPSON.

POLICE COURT OF SAN FRANCISCO.—The Police Judge's Court of the City and County of San Francisco, possesses the same powers and jurisdiction in criminal action and proceedings which are not specially defined in the Act creating such Court, as is or may be conferred by law upon Justices of the Peace or Justices' Courts.

IDEM.—The Act of February 13th, 1872, in relation to said Court, is not repealed by the Political Code.

POLITICAL CODE.—Sections eighteen and nineteen of the Political Code having been passed April 1st, 1872, may have a material bearing on Sections 4,478 and 4,479 of that Code.

JUDGMENT AND COMMITMENT FOR MISDEMEANOR.—Ex parte Murray, 43 Cal. 455, approved, as to a judgment and warrant of commitment of the Police Judge's Court of the City and County of San Francisco.

TITLE 3, PART IV OF POLITICAL CODE.—Title 3, Part IV of the Political Code does not apply to any municipal corporations existing at the time it went into-effect.

APPLICATION to be discharged on *habeas corpus.*

The prisoner was convicted of a misdemeanor under Section 330 of the Penal Code. He was sentenced to pay a fine of $1,000, and in default of payment, was ordered to be imprisoned in the county jail for 365 days. Having first made an application to the Judge of the Nineteenth Judicial District, and his petition having been heard and dismissed, the prisoner applied to the Supreme Court to be discharged from custody.

*James Hardy* and *Creed Haymond,* for Petitioner.

*John L. Love,* Attorney-General, and *D. J. Murphy,* District Attorney, *contra.*

By the COURT:

The question here presented, is whether the Police Judge's Court of the city and county of San Francisco, has jurisdiction to render a judgment on a conviction for a misdemeanor, that the defendant pay a fine of one thousand dollars, and in default of payment thereof, that he be im-

prisoned in the county jail for the period of three hundred and sixty-five days. The offense with which the prisoner was charged is gaming, as defined by the Penal Code, Section 330. The punishment prescribed is a fine of not less than two hundred, nor more than one thousand dollars, and imprisonment in the county jail until the fine and costs of prosecution be paid, but not to exceed one year. The offense is a misdemeanor, as defined by the Penal Code.

The act of February 13th, 1872, amendatory of and supplemental to the act of 1864, to prescribe the jurisdiction of the Police Judge's Court of the city and county of San Francisco, after specially enumerating certain offenses, of which jurisdiction is conferred upon that Court, provides that "throughout said city and county" the Court or Judge shall have "the same powers and jurisdiction in other criminal actions and proceedings as are now or may hereafter be conferred by law upon Justices of the Peace or Justices' Courts." (Stats. 1871–2, p. 84.) The 117th section of the Code of Civil Procedure confers upon Justices' Courts jurisdiction of "all misdemeanors punishable by fine not exceeding $1,000, or imprisonment not exceeding one year, or by both such fine and imprisonment." The Police Judge's Court of the city and county of San Francisco, therefore, had jurisdiction of the offense of which the prisoner was found guilty, if the act of 1871–2, above mentioned, is in force.

The solution of the question depends upon whether that act was repealed by the Political Code. Counsel for the prisoner rely mainly upon Sec. 18, and Chap. 4, Title 3, Part 4 (Secs. 4,426–4,432), of the Political Code. The construction of Secs. 18 and 19 is not necessary to the decision of the question; but it may be remarked that those sections, as they now stand in the Political Code, were passed April 1st, 1872, and that they may have a very material bearing on Sections 4,478 and 4,479 of that code.

Title 3, Part 4, above mentioned, is intended as a system or plan under which cities may be organized and governed. That is the sole purpose of that Title, and it is not declared to be applicable to any existing city or city and county. It

is obvious, on even a cursory examination, that Sec. 4,426 is no more applicable to existing municipalities than a large part of the other sections in that Title; and that an attempt to give that Title effect in existing municipalities, without material changes in the laws, would produce inextricable confusion. We are of the opinion that the sections of that Title above referred to do not repeal nor in any manner affect the act of 1872, defining the jurisdiction of the Police Judge's Court of the city and county of San Francisco.

The judgment and warrant of commitment are valid and sufficient (ex parte Murray, 43 Cal. 455.)

The case is not in a condition for us to determine whether the prisoner, upon the payment of the fine, is entitled to be discharged from imprisonment.

Ordered that the prisoner be remanded.