## EX PARTE NOBLE WALLINGFORD.

JURISDICTION—MISDEMEANOR—PETIT LARCENY—SUPERIOR COURT—JUS-
TICE'S COURT—CONSTITUTIONAL LAW.—The Superior Court has no juris-
diction of cases of petit larceny, or such other misdemeanors, as have
•been committed by the Legislature to the Justice's Court.

APPLICATION for discharge upon writ of *habeas corpus.*
The petitioner was held under a bench warrant, issued upon
an indictment for petit larceny, in the Superior Court of the
County of Napa.

*Charles B. Darwin,* for Petitioner.

Ross, J.:

The provisions of law, constitutional as well as statutory,
to be considered in this case are very different from those
considered in *Ex parte McCarthy,* 53 Cal. 412, which case
arose prior to the adoption of the Constitution of 1879.

The question is, has the Superior Court jurisdiction of the
crime of petit larceny? The jurisdiction of that Court is
fixed by the Constitution itself. (§ 5, Art. vi.) With re-
spect to criminal matters, it is given jurisdiction of "all crim-
inal cases amounting to felony, and cases of misdemeanor,
not otherwise provided for."

Of course the Legislature can not take from the jurisdic-
tion conferred by the Constitution on the Superior Court,
except as expressly permitted by the Constitution itself.
With respect to *misdemeanors,* however, the Constitution
authorizes the Legislature to take from that jurisdiction; for,
as already observed, it gives to the Superior Court jurisdic-
tion in "cases of misdemeanor *not otherwise provided for,*"
and follows that provision with another—Section 11 of
Article vi—giving the Legislature the power to establish
Justices' Courts and to "fix by law the powers, duties, and
responsibilities" thereof; *provided,* such powers shall not in
any case trench upon the jurisdiction of the several Courts
of record, except that said Justices shall have concurrent
jurisdiction with the Superior Court in certain cases of forci-

ble entry and detainer, and in certain cases to enforce and foreclose liens on personal property.

It is thus seen that by the express terms of the Constitution, the Legislature is empowered to establish Justices' Courts, and to confer upon them such powers as to it shall seem proper, provided such powers shall not in any case trench upon the jurisdiction of the several Courts of record, with the exceptions already noticed. The limitation as• to trenching upon the jurisdiction of the several Courts of record obviously refers to the jurisdiction conferred upon those Courts by the Constitution itself. For example, as the Constitution confers upon the Superior Court jurisdiction in all cases of felony, the Legislature could not confer on the Justice's Court jurisdiction in such a case. But while the Constitution also confers on the Superior Court jurisdiction in cases of misdemeanor, it is of misdemeanors that are *not otherwise provided for*. When the Legislature, pursuant to the power conferred by Section 11 of Article vi, "to otherwise provide for" certain, or all misdemeanors, *does* otherwise provide for certain of them, and confers upon the Justice's Court jurisdiction in certain cases of misdemeanor, the jurisdiction so conferred becomes exclusive, for they then become cases of misdemeanor "otherwise provided for," over which, according to the express language of the Constitution, the Superior Court has no jurisdiction.

This being, as we conceive, the true interpretation of the provisions of the Constitution bearing on the subject, it results that the Superior Court has lost jurisdiction of the crime of petit larceny, since the Legislature has, by Section 115 of the Code of Procedure (Newmark's ed.), conferred on the Justice's Court jurisdiction of that, together with other misdemeanors. Whether or not there are any misdemeanors included within the provisions of Section 115 which are required by the provisions of the Constitution to be prosecuted by indictment or information need not be determined in this case. But it is clear that there is nothing in the Constitution which prohibits the Legislature from requiring the crime of petit larceny to be otherwise prosecuted. Section 8 of Article i of the present Constitution declares : " Offenses heretofore required to be prosecuted by indictment shall be prosecuted by

information, after examination-and commitment by a magistrate, or by indictment, with or without such examination and commitment, as may be provided by law. * * *" And, looking back to the Constitution of 1863, we see how offenses were "heretofore" required to be prosecuted. "No person shall be held to answer for a capital or otherwise infamous crime (except in cases of impeachment, and in cases of militia when in actual service, and the land and naval forces in time of war, or which this State may keep, with the consent of Congress, in time of peace, *and in cases of petit larceny, under the regulation of the Legislature*), unless on presentment or indictment of a Grand Jury. * * *" (Section 8, Article i, Const. 1863.)

It will be thus seen that cases of petit larceny are expressly excepted from the constitutional provision prescribing the mode of prosecution, and are left to the regulation of the Legislature.

By Section 1426 of the Penal Code, the Legislature has declared that all proceedings before a Justice's Court for a public offense, of which such Courts have jurisdiction, must be commenced by *complaint* under oath, setting forth the offense charged, with such particulars of time, place, person, and property as to enable the defendant to understand distinctly the nature of the offense complained of, and to answer the complaint. The next section provides that if the Justice is satisfied from the complaint that the offense complained of has been committed, he must issue a warrant for the arrest of the party charged; and Section 1429 provides that the defendant may plead to the complaint as upon an indictment.

We have not omitted to notice that the Legislature has also provided, by Section 915 of the Penal Code, that "the Grand Jury must inquire into all public offenses committed or triable within the county, and present them to the Court, either by presentment or indictment;" and by Section 976 of the same Code, that "when the indictment or information is filed, the defendant must be arraigned thereon before the Court in which it is filed, unless the cause is transferred to some other county for trial." By this last section, it is contended on behalf of the respondent, the Legislature has specifically declared that all offenses, when prosecuted by indict-

ment, must be. tried in the Court where the indictment is found (that is to say, the Superior Court), unless the cause is transferred to some other county for trial; from which, it is claimed, it " follows that this offense (petit larceny), when prosecuted by indictment, is a 'case of misdemeanor not otherwise provided for,' and is therefore within the jurisdiction of the Superior Court."

But counsel entirely overlook the all-important fact that the jurisdiction of the offense is not determined by the *form of procedure* by which it is prosecuted, but by the *nature of the offense itself*. And since, as already shown, the Superior Court has no jurisdiction of such misdemeanors as have been committed by the Legislature to the Justice's Court, and since the Legislature has committed to the last-named Court all cases of petit larceny, a conclusion quite the reverse of that drawn by respondent's counsel would seem to follow from Section 976 of the Penal Code.

But however that may be, the Legislature has, by Section 1426, *supra*, in terms declared that all proceedings before a Justice's Court for an offense of which such Courts have jurisdiction, must be commenced by *complaint under oath;* and so far at least as petit larceny is concerned, there is not any constitutional objection to that provision. That some further legislation is necessary in order to bring the various provisions of the statute relating to prosecutions for criminal offenses into harmony with each other and into conformity with the present Constitution, is apparent, but reading them together and in the light of the provisions of the Constitution, we have no difficulty in holding, as we do, that the indictment charging the petitioner with the crime of petit larceny is unauthorized by law, and that he is entitled to be discharged from custody under it.

Ordered accordingly.

McKinstry, J.. and Morrison, C. J., concurred.