[No. 7,794.—Department Two.]
March 7, 1882.

## J. W. GAFFORD v. E. R. BUSH, JUDGE OF THE SUPE-
RIOR COURT OF YOLO COUNTY.

JURISDICTION — SUPERIOR COURT — SUNDAY . LAW — MISDEMEANOR—The
    Superior Court has no jurisdiction of an indictment for the violation of
    § 300 Penal Code.
ID.—ID.—ID.—ID.—JUSTICE'S COURT.—By virtue of power vested in the
    Legislature by § 11, Art. vi. Const., that department of the Government
    by § 115 C. C. P. as amended April 1, 1880, gave to Justice's Court

jurisdiction of "all misdemeanors punishable by fine not exceeding five hundred dollars or imprisonment not exceeding six months or by both such fine and imprisonment."

APPLICATION for writ of prohibition.

*J. C. Ball* and *J. Craig,* for Plaintiff.

By a comparison of the Constitution, Art. vi. § 5 and C. C. P. §§ 76 and 115, as amended in 1880, it will be seen that the Superior Court has no original jurisdiction of this class of misdemeanors. Section 917 provides that an indictment is an accusation in writing presented by a grand jury to a competent Court charging a person with a public offense.

The presentment of an indictment to a Court having no jurisdiction to hear and determine the matter cannot be in compliance with the provision of this section.

*W. B. Treadwell,* for Defendant.

It is conceded in petitioner's brief that this case would be within the rule laid down in *Ex parte McCarthy* (53 Cal. 412) were it not for certain alleged changes in the Constitution and statute of the State since that decision.

By examination of the various provisions bearing upon the subject it will be seen that it is nowhere said that the jurisdiction of the Justices' Courts shall be exclusive as to these offenses nor that they may not be prosecuted by indictment. (Const. Art. i., § 8; Art. vi., § 5; Art. vi., § 11; C. C. P. §§ 76 85, 115, 117, 192, 241, 242, 253; Pen. C. §§ 682, 888, 915, 944, 976, 1,033.)

By Sec. 915, Pen. C., it is expressly made the duty of the grand jury to inquire into all public offenses committed or triable within the county. When the indictment is found it must be presented to the Superior Court; and by § 976 the defendant must be arraigned before the Court in which it is filed. There is, therefore, a specific direction of the Code that these as well as all other offenses when prosecuted by indictment must be tried in the Superior Court. It being plain that the grand jury may lawfully find an indictment for this offense; that such indictment if found must be found in and returned to the Superior Court; that no provision is made for the transfer of the indictment to the Justice's Court,

nor any power given to that Court to try any indictment, and that the indictment is expressly made triable only in the Superior Court, no doubt can remain that this case is not provided for otherwise than by trial in the Superior Court within the meaning of Art. v., § 6 Const. § 76 C. C. P. Inasmuch as the provisions of § 915 Pen. C. are, as to this matter, identical with those of § 85 C. C. P. the decision in *Ex parte McCarthy* is applied to and conclusive of this case.

THORNTON, J.:

The petition shows that on the fourth day of May, the Grand Jury for the county of Yolo returned to the Superior Court of that county an indictment by which the petitioner Gafford was accused of the crime of misdemeanor, in willfully and unlawfully keeping open on Sunday, the twentieth day of March, 1881, a saloon in the town of Davisville, in the county above named, for the purpose of selling liquors and cigars therein; that said Superior Court thereupon caused a warrant to be issued, upon which the petitioner was arrested and brought before said Superior Court on the sixteenth day of May, 1881, arraigned and required to plead to this indictment; that he then interposed a motion to set aside the indictment, on the grounds (and another not necessary to be any further referred to herein) that it (the indictment) was presented to a Court that had no authority to receive it, or to hear, try, or determine the facts set out in the indictment; that the defendant was then and at and before the time that the indictment was presented to said Superior Court held to answer to the identical offense charged in the indictment, in the Justice's Court of Putah township, county of Yolo, and State aforesaid, before William King, Justice, where the matter was then pending.

This motion was overruled by the Court, and the petitioner was held to answer in the Superior Court. It was further set forth in the petition that the said Court will proceed to try the cause set out in the indictment, and to pronounce judgment thereon. To prohibit this, the writ of prohibition is asked for.

The above petition was demurred to on the ground that

the facts stated therein did not entitle the petitioner to the relief asked for, or to any relief.

The jurisdiction of the Superior Courts in criminal cases is defined by the Constitution of 1879, as extending to "all criminal cases amounting to felony, and cases of misdemeanor, not otherwise provided for." (See § 5 of Art. vi.)

Has it been otherwise provided for? The expression "not otherwise provided for" is not confined in its scope to the Constitution. If this was the intention, the language would have indicated it more clearly by using the words "not otherwise provided for *herein.*" As to jurisdiction in case of misdemeanors, a discretion was no doubt intended to be left to the Legislature and authority was left in the legislative department to vest the jurisdiction in a certain class or classes of such minor offenses in courts other than the Superior Courts. No doubt this was a wise and judicious policy, for by it the Superior Courts would be left to attend to cases of a more important character, and they would not consume time in trying persons charged with petty offenses, to the neglect of matters of a graver nature.

By virtue of power vested in the Legislature by Section 11 of Article vi of the Constitution to determine the number of the Justices of the Peace to be elected in the several political divisions of the State and to fix by law their powers, duties, and responsibilities, that department of the Government, by the act of April 1, 1880, amended Part One of the Code of Civil Procedure, by substituting a new Part One for the former one of that Code; and by Section 115 of such new Part One gave to Justices' Courts jurisdiction of "all misdemeanors punishable by fine not exceeding five hundred dollars or imprisonment not exceeding six months, or by both such fine and imprisonment." (See Amendments to Code of Civ. Pro. for 1880, p. 36.)

The offense for which the petitioner was proceeded against is punishable by a fine not less than five nor more than fifty dollars (Pen. Code, Sec. 300), and comes within the Act of April 1, 1880, which provides for the jurisdiction of such offenses, and vests it in the Courts of Justices of the Peace.

The other questions discussed by counsel in this cause are considered and decided by Department One of this Court in

*Ex parte Wallingford,* No. 10,722. (See opinion filed February 28, 1882.) With the conclusion reached therein by the learned Justices of that Department we fully concur. They need not be further considered.

We are of opinion that the Superior Court had no jurisdiction to entertain the indictment above mentioned or to try the petition under it, and therefore, the demurrer must be overruled. So ordered.

SHARPSTEIN, J., and MORRISON, C. J., concurred.