[Crim. No. 2599. In Bank.—September 7, 1923.]

In the Matter of the Application of LOUIS SILVA for a Writ of Habeas Corpus.

[1] CRIMINAL LAW — SALE OF NARCOTICS—JURISDICTION—SACRAMENTO CHARTER.—The provisions of the city charter of the city of Sacramento have not removed from the superior court jurisdiction of a prosecution for the crime of offering narcotics for sale, the punishment for which may exceed six months' imprisonment (Stats. 1921, p. 978).

PROCEEDING on Habeas Corpus to procure discharge of petitioner convicted of offering narcotics for sale. Petitioner remanded.

The facts are stated in the opinion of the court.

Jas. F. Galliano and Chauncey H. Dunn, Jr., for Petitioner.

J. J. Henderson and J. H. Riordan, Deputy Attorney-General, for Respondent.

WILBUR, C. J.—The petitioner was convicted in the superior court of the state, in and for the county of Sacramento, of the crime of offering narcotics for sale, the punishment for which may exceed six months' imprisonment (Stats. 1921, p. 978).

[1] It is conceded that the superior court would have jurisdiction over such a misdemeanor unless that jurisdiction has been removed by the provisions of the city charter of the city of Sacramento (*Green* v. *Superior Court*, 78 Cal. 556 [21 Pac. 307, 541]; *People* v. *Wah Wong*, 61 Cal. App. 497 [215 Pac. 409]). It is contended, however, that the charter of Sacramento, section 143 of article XVII (Stats. 1921, p. 1963), confers such jurisdiction upon the police court of Sacramento and that by conferring such jurisdiction on the police court the superior court no longer has jurisdiction. That section reads as follows, with reference to the jurisdiction over misdemeanors:

"Jurisdiction.

"Sec. 143. Said Police Court shall have jurisdiction:

"(1) Of all misdemeanors enumerated by the general laws or by ordinances of the city and of all other crimes cognizable by Justices' Courts and Courts of Justices of the Peace and Police Courts under the Constitution and laws of the State of California. . . . "

It is contended that as the offense of which the petitioner was convicted was a misdemeanor "enumerated by the general laws" of the state, jurisdiction thereof was by the charter conferred upon the police court. The question involved is whether or not the phrase "cognizable by Justices' Courts and Courts of Justices of the Peace and Police Courts under the Constitution and laws of the State of California" modifies the phrase "Of all misdemeanors enumerated by the general laws."

The question is fairly debatable, but we think has been set at rest by the fact that the district court of appeal for the

third district determined that question in favor of the jurisdiction of the superior court and against the jurisdiction of the police court in its decision in *People* v. *T. Wah Hing,* 47 Cal. App. 327, 333 [109 Pac. 662]. This decision construed section 164 of the charter as adopted by the people of Sacramento and ratified by the state legislature in 1911 (Stats. 1911 [Ex. Sess.], p. 305). A petition for a transfer of that case to the supreme court was denied, but an examination of the file shows that the question of jurisdiction was not raised in such petition. Even if we were now disposed to question the correctness of the decision of the third district court of appeal, we think that the adoption in the new Sacramento charter of 1921 in section 143 of exactly the same language which was thus contained in the charter of 1911, section 164, interpreted and construed by the district court of appeal in *People* v. *T. Wah Hing, supra,* was an adoption by the people of Sacramento of that construction, thus leaving the jurisdiction of high-grade misdemeanors in the superior court. (See *Dalton* v. *Lelande,* 22 Cal. App. 481 [135 Pac. 54].)

Petitioner remanded.

Myers, J., Richards, J., *pro tem.*, Lawlor, J., Waste, J., and Seawell, J., concurred.