Opinion
KAY, P. J.
This case arose out of the events surrounding the November 7, 1989, General Election in San Francisco. One of the ballot issues, Measure P, proposed the construction of a ballpark in the China Basin area of San Francisco. A related ballot issue, Measure V, proposed improvement of the existing local stadium, Candlestick Park. On November 2 and 3, 1989, thousands of copies of two political mailers were sent to San Francisco voters. The mailers opposed construction of the China Basin ballpark. The mailers were identified solely as “Paid for and Authorized by No. on P/Yes on V, 445 Chestnut Street, San Francisco, California, 94133 Kevin Starr, *Supp. 3 Treasurer.” Both Measure P and Measure V failed to pass. Speculation mounted that the content of the mailers, as well as the funding for the mailers, may have come from, among others, Gregg Lukenbill, managing partner of the Sacramento Sports Association which was attempting to gather support for a proposed ballpark in Sacramento.
For nine consecutive days, the Criminal Grand Jury of San Francisco listened to testimony from twenty-five witnesses. On April 2, 1990, Gregg Lukenbill, Maurice Read, David Townsend, John R. Davis, and Richard Schlackman were indicted on four misdemeanor counts: (1) violation of Penal Code section 182, subdivision (a)(5) (conspiracy to prevent and obstruct the due administration of the laws requiring identification of the source of a mass mailing); (2) violation of Government Code section 84305 (sending a mass mailing without their names and addresses as one or more committee(s)); (3) violation of Government Code sections 84101 and 84102 (failure to file a statement of organization as a sponsored committee); and (4) violation of Government Code section 84200.7, subdivision (b) (failure to file preelection statements).
On April 11, 1990, the defendants were arraigned in Department 16 of the San Francisco Municipal Court; the court entered pleas of “not guilty” on their behalf. Shortly thereafter, the defendants filed demurrers and various motions to dismiss, which were heard in Department 18, on June 22, 1990. The judge sustained the demurrers and granted the motions to dismiss, pursuant to Penal Code section 995, subdivision (a)(1)(B).
Discussion
The lower court’s rulings were based on several grounds, including First Amendment implications and the lack of supporting evidence. However, this court decides this appeal on only one ground—a determination that a grand jury indictment charging only misdemeanors cannot be returned.
Three California Supreme Court cases, In re Grosbois (1895) 109 Cal. 445, 450 [42 P. 444] (Grosbois), Gafford v. Bush (1882) 60 Cal. 149, 152-153, and Ex parte Wallingford (1882) 60 Cal. 103, 106, clearly hold that a grand jury indictment charging only misdemeanors cannot be returned. For example, in Grosbois, where the accused was charged with operating a house of ill fame (a misdemeanor), the court stated: “As the superior court has no jurisdiction to try a misdemeanor, and as there is no provision for a justice’s *Supp. 4 or police court to try any offense prosecuted by indictment or information, it is clear that, under the present system there is no function for a presentment by a grand jury, and no authority for the arrest of a person charged in that form with the commission of a public offense.” (Grosbois, supra, 109 Cal. at p.450.) These three cases have been neither overruled nor distinguished.
To date, we find no statutory authority sufficiently express to warrant a departure from a long-established rule of law. On the contrary, while Penal Code section 737 mandates that all offenses triable in superior court, i.e., felony offenses or misdemeanors appended to felony offenses, be prosecuted by indictment or information, Penal Code section 740 mandates that all offenses triable in inferior courts be prosecuted by written complaint.
Counsel for the People has suggested that Penal Code section 951, pertaining to the form of a grand jury indictment, has legislatively overruled the Grosbois line of cases. Penal Code section 951 states: “An indictment or information may be in substantially the following form: The People of the state of California against A. B. In the superior court of the state of California, in and for the county of_ . The grand jury (or the district attorney) of the county of_hereby accuses A. B. of a felony (or misdemeanor), to wit. . . .” However, this statute may be interpreted harmoniously with Penal Code sections 737 and 740, as well as the Grosbois line of cases, as simply authorizing indictments charging misdemeanors when those misdemeanors are appended to felonies. Furthermore, at the time of the Grosbois line of cases, Penal Code section 951 existed in substantially the same form as it does today. The former pertinent part of the version read: “It may be substantially in the following form: The People of the State of California against A. B., in the Superior Court of the County of_ , . . . A. B. is accused by the grand jury of the County of_ , by this indictment (or by the District Attorney by this information), of the crime of (giving its legal appellation, such as murder, arson, or the like, or designating it as felony or misdemeanor), committed as follows. . . .” (Code Amends. 1880, (Pen. Code) ch. 47, § 16, pp.12-13, italics added.) Nothing in the present statute supports the People’s theory that the Legislature has overruled the Grosbois line of cases.
The People argue that they are placed in an awkward position if they fail to ask a grand jury to return indictments charging at least one felony, particularly where, as here, there is no complainant other than the prosecutor. We do not disagree. While the time may have come for the Legislature to address this problem, we do not feel it is our proper function to do so.
*Supp. 5 Wherefore, the dismissal of the indictment against Messrs. Lukenbill, Read, Townsend, Davis, and Schlackman is affirmed.
Gyemant, J., and Garcia, J., concurred.