[No. 10,397.]

## Ex Parte R. J. McCarthy, on Habeas Corpus.

Indictment for Misdemeanor.—Neither the Constitution nor the Penal Code prohibits a prosecution by indictment of any criminal offense, including a misdemeanor.

Trial of Misdemeanor—County Court and Justice of the Peace.—The County Court has jurisdiction to try an indictment for misdemeanor; the jurisdiction of Justices of the Peace being exclusive as to misdemeanors where no indictments have been found.

The petitioner was indicted by the Grand Jury of Stanislaus County for the offense of exhibiting a deadly weapon in a rude, angry, and threatening manner—a misdemeanor; was tried, convicted, and sentenced by the County Court of that County; and this is a proceeding by *habeas corpus* to discharge him from custody; he claiming that the County Court had no jurisdiction over such an offense, but that such jurisdiction was exclusive in Justices of the Peace.

*J. H. Budd* and *Chas. B. Fitzpatrick*, for Petitioner.

*Attorney-General Hamilton, Contra.*

By the Court:

It is not necessary in this case to define the terms " capital or other infamous crime," employed in sec. 8 of art. 1 of the Constitution of the State. (Art. 1, sec. 8.)

It may be admitted that " exhibiting a deadly weapon in a rude, angry, and threatening manner " is not an " infamous crime," which can be prosecuted only by presentment or indictment by a grand jury.

The Constitution provides that the County Courts shall have " such criminal jurisdiction as the Legislature may prescribe " (art. 6, sec. 8) ; and that the Legislature shall " fix by law the powers, duties, and responsibilities " of Justices of the Peace— " provided such powers shall not in any case trench upon the jurisdiction of the several Courts of Record." (Art. 6, sec. 9.)

The statute provides : " Every public offense must be prosecuted by indictment, except [after other enumerated exceptions] offenses tried in Justices' and Police Courts." (Penal Code, sec. 682.)

Neither the Constitution, (art. 1, sec. 8) nor the section of the Penal Code last cited, prohibits the prosecution by indictment of any criminal offense.

And the Code of Civil Procedure (sec. 85) declares that the jurisdiction of the County Courts shall extend " to inquire, by the intervention of a grand jury, of all public offenses committed or triable in the County, and to the trial of all indictments, except for treason, misprision of treason, murder, and manslaughter."

Under this section of the Code of Civil Procedure, (which in no wise conflicts with any provision of the Constitution) the grand jury had power to indict the petitioner for the crime with which he was charged, although it be not an infamous crime, and the County Court had jurisdiction to try the indictment.

The question which remains is : Has sec. 85 of the Code of Civil Procedure been repealed ?

It is not claimed that the section has been expressly repealed, but that as sec. 117 of the same Code is found later in the statute than sec. 85, the former is the last expression of the legislative will, and must be held to have repealed anything in the latter which may conflict with it.

Sec. 117 gives jurisdiction to the Justices' Courts of all misdemeanors punishable by fine not exceeding five hundred dollars, or by imprisonment not exceeding six months, or by both such fine and imprisonment. " Exhibiting a deadly weapon," etc., is one of those misdemeanors, and sec. 117 of the Code of Civil Procedure therefore confers the jurisdiction to try that offense upon Justices of the Peace.

We have failed, however, to discover anything in the Constitution which renders the jurisdiction to try a defendant for the offense named exclusive in the Justices' Courts. The difference is, that he can be tried in the County Court only after indictment.

If we again refer to the powers of the two Courts as spoken of in the Constitution, we find that the County Court may assume all criminal jurisdiction prescribed by the Legislature, and that the Justice of the Peace may exercise all jurisdiction conferred or sought to be conferred by the Legislature, provided it shall not trench upon the jurisdiction of the County Court, or any other Court of Record. The limitation as to not trenching upon the jurisdiction of the County Court relates either to the jurisdiction of the County Court as defined in the Constitution or as described in the statute. · If it refers to the jurisdiction as described in the statute, it is manifest that as the eighty-fifth section of the Code of Civil Procedure had conferred on the County Court the jurisdiction, by grand jury, to indict for all offenses and to try all indictments, none of this jurisdiction could at the same time or subsequently be given to the Justice of the Peace without "trenching" upon the jurisdiction of the County Court. If, however, the phrase in sec. 9, art. 6 of the Constitution only prohibits the Legislature from conferring on the Justices of the Peace any of the jurisdiction expressly and specifically conferred on the County Court by the terms of the Constitution—as distinguishable from that which the Legislature is permitted to give to that Court—then there is nothing in the Constitution which prohibits the Legislature from placing within the jurisdiction of both the County and Justices' Courts the trial of criminal offenses, which are not necessarily indictable under the Constitution, but which are made indictable by law.

Petitioner remanded.

Mr. Chief Justice Wallace and Mr. Justice Niles did not express any opinion.