STATE, APPELLANT, *v.* MYERS ET AL., RESPONDENTS.

[Argued November 23, 1891. Decided December 21, 1891.]

CONSTITUTIONAL LAW—*Assault and battery—Jurisdiction.*—Under section 11, article viii. of the Constitution, providing that the District Court shall have original jurisdiction in all cases of misdemeanor not otherwise provided for, the District Court does not have original but only appellate jurisdiction to try the misdemeanor of assault and battery, as jurisdiction to try such misdemeanor is conferred by law upon the Justice's Court.

SAME—*Misdemeanors.*—The first paragraph of section 6 of the Criminal Practice Act, conferring upon the District and Justice's Courts concurrent jurisdiction in all misdemeanors, is in conflict with section 11, article viii. of the Constitution, which confers upon the District Court jurisdiction only of those misdemeanors which are not otherwise provided for, and therefore did not become a law of the State upon the adoption of the Constitution by force of section 1 of article xx. thereof.

*Appeal from Fifth Judicial District, Madison County.*

Indictment for assault and battery. The indictment was quashed by GALBRAITH, J.

*Henri J. Haskell,* Attorney-General, and *W. A. Clark,* County Attorney, for the State, Appellant.

*J. H. Duffy,* for Respondents.

Statement of the case by the judge delivering the opinion.

This action is a criminal prosecution against the respondents, commenced originally in the District Court, by the presentment of an indictment by the grand jury, charging the offense of assault and battery. On motion of the defendants, the District Court quashed the indictment, on the ground that that court had not original jurisdiction to try the offense. The State appeals. The provisions of the Constitution, and the laws thus brought up for interpretation and construction, are as follows:—

Constitution, article viii. section 11: "The District Courts shall have original jurisdiction . . . . in all criminal cases amounting to a felony, and in all cases of misdemeanor not otherwise provided for. . . . . They shall have appellate jurisdiction in such cases arising in Justices' and other inferior courts in their respective districts as may be prescribed by law and consistent with this Constitution."

Article viii. section 21: "The Justices' Courts shall not have jurisdiction," etc., "but such courts shall have such jurisdiction in criminal matters, not of the grade of felony, as may be provided by law."

Article xx. Schedule, section 1: "All laws enacted by the legislative assembly of the Territory of Montana, and in force at the time the State shall be admitted into the Union, and not inconsistent with this Constitution, or the Constitution and laws of the United States of America, shall be and remain in full force, as the laws of the State, until altered or repealed, or until they expire by their own limitation."

At the time of the admission of the State into the Union, the following sections were contained in the laws of the Territory:—

"Sec. 6. The District Court shall have exclusive jurisdiction in all cases of felony, and of all other offenses not cognizable in the Probate Courts, or courts of justices of the peace, and jurisdiction, concurrent with said courts, of all other offenses. . . . . Justices of the peace shall have jurisdiction of all misdemeanors committed in the county in which they shall be qualified to act, when the punishment therefor does not exceed a fine of one hundred dollars, or imprisonment for three months in the county jail, or both such fine and imprisonment." (Crim. Prac. Act.)

"Sec. 61. Assault and battery is the unlawful beating of another; and a person convicted thereof shall be fined in a sum not less than ten nor more than one hundred dollars, or imprisonment in the county jail not less than one nor more than three months, or both such fine and imprisonment, at the discretion of the court." (Crim. Laws.)

"Sec. 4. Crimes which do not subject the offender to imprisonment in the territorial prison or to death shall be classed as misdemeanors. Crimes which subject the offender to imprisonment in the territorial prison or to death shall be classed as felonies." (Crim. Prac. Act.)

In this case the District Court held that it had not original jurisdiction, but jurisdiction only on appeal, of the offense of assault and battery, on the ground that such jurisdiction was "otherwise provided for"; that is to say, provided for in the courts of the justices of the peace.

DE WITT, J.—Jurisdiction is conferred upon the courts of the State by the Constitution. The Constitution is the charter of their existence and their powers. The District Court has original jurisdiction to try such criminal cases as the Constitution provides that it shall. If that court is not given jurisdiction by the Constitution over a certain criminal case, that jurisdiction does not exist in that court.

The District Court has not original jurisdiction over all cases of misdemeanor. It has original jurisdiction over cases of misdemeanor of a certain class. That class is described in the Constitution as "all cases of misdemeanor not otherwise provided for." The misdemeanor in question in this case was that of assault and battery. Is jurisdiction of that misdemeanor provided for otherwise than in the District Court?

The Justice's Court shall have jurisdiction "in criminal matters, not of the grade of felony, as may be provided by law." Assault and battery is not "of the grade of felony." (§ 61, Crim. Laws, and § 4, Crim. Prac. Act.) Is its jurisdiction "provided by law" to be in the Justice's Court?

By virtue of article xx., Schedule, section 1, the Constitution adopted as a law of the State section 6 of the Criminal Practice Act. That section became a law of the State contemporaneously with the Constitution. It is congenital with it. That is to say, it became a law so far as it was not inconsistent with the Constitution. A portion of that section is: "Justices of the peace shall have jurisdiction of all misdemeanors committed in the county in which they shall be qualified to act, when the punishment therefor does not exceed a fine of one hundred dollars, or imprisonment for three months in the county jail, or both such fine and imprisonment."

This paragraph just cited is not inconsistent with the Constitution, and therefore became, and, as it has not been repealed or altered, is the law. Assault and battery is such a misdemeanor as described in that paragraph. (§ 61 Crim. Laws, and § 4, Crim. Prac. Act.) It is therefore "provided by law" (§ 21, art. viii. Const.) that Justices' Courts shall have jurisdiction of the offense of assault and battery. The jurisdiction of the offense of assault and battery is therefore "otherwise provided for" (§ 11, art. viii. Const.), and consequently the District Court has not original jurisdiction of that offense.

Now, we encounter the argument made by the State's counsel. The first paragraph of section 6 of the Criminal Practice Act is: "The District Courts shall have exclusive jurisdiction in all cases of felony, and of all offenses not cognizable in the Probate Courts, or courts of justices of the peace, and jurisdiction concurrent with said courts of all other offenses." The words last used, "all other offenses," would include, of course, assault and battery.

It is contended by the State's counsel that this paragraph of section 6 was adopted by the Constitution as the law of the State, and that, therefore, the District Court has concurrent original jurisdiction with the Justice's Court of the misdemeanor of assault and battery.

But that paragraph was not adopted, if it is inconsistent with the Constitution. It is inconsistent with the Constitution in this. The Constitution says that the District Court shall have original jurisdiction "in all cases of misdemeanor not otherwise provided for." This is equivalent to declaring that the District Court shall have jurisdiction only in those cases of misdemeanor "not otherwise provided for," for the reason that the District Court obtains its life and jurisdiction only from the Constitution, and takes only that which the Constitution gives it by express words or necessary implication. Therefore it is declared by the Constitution that the District Court has jurisdiction only of misdemeanors "not otherwise provided for."

Now, jurisdiction of the misdemeanor of assault and battery is "otherwise provided for." (Const. art. viii. § 11; Crim. Prac. Act, §§ 4, 6; Crim. Laws, § 61.) Its jurisdiction in the Justice's Court is "provided by law." (Const. art. viii. § 21.) Therefore the first paragraph of section 6 of the Criminal Practice Act was not adopted by the Constitution for the following reason: For said paragraph of section 6 to give to the District Court concurrent jurisdiction with the Justice's Court of the misdemeanor of assault and battery would be inconsistent with the provisions of the Constitution, for the reason that that instrument declares that the District Court shall have jurisdiction only of a certain class of misdemeanors, viz., those "not otherwise provided for." It further declares that jurisdiction of assault and battery shall be in the Justice's Court, if such juris-

diction be "provided by law"; and furthermore, the Constitution adopts (art. xx. Schedule, § 1) a law (§ 6, Crim. Prac. Act) which provides (with § 4, Crim. Prac. Act, and § 61, Crim. Laws) that the jurisdiction of assault and battery shall be in the Justice's Court.

Such are our views of the construction of the Constitution. We observe that they are in accord with the decisions of the Supreme Court of California. (*Ex parte McCarthy,* 53 Cal. 413; *Ex parte Wallingford,* 60 Cal. 103; *Gafford* v. *Bush,* 60 Cal. 149; *Green* v. *Superior Court,* 78 Cal. 558; *People* v. *Joselyn,* 80 Cal. 544; *People* v. *Lawrence,* 82 Cal. 182; *People* v. *Hamberg,* 84 Cal. 472.) The conclusion that we have reached seems to us as simple and inevitable as a mathematical demonstration.

The State's counsel contend that California decisions are not in point, because they were rendered in construing legislation enacted subsequently to the adoption of the Constitution of California, and for the purposes of carrying it into effect. We can cheerfully admit that these decisions are not in point in this discussion, and still our conclusion is not in the least affected, for there is not a line in those decisions that conflicts with our views in the case. But the fact is that the California cases are wholly in point. Our legislation, as well as that of California, was enacted to carry out the provisions of the Constitution of this State. What matters it, in construing the legislation, whether it was enacted by a legislative assembly convening after the adoption of the Constitution, or whether it was enacted by the same vote of the people that adopted the Constitution? The will of the whole people declared by their vote adopting the Constitution, which Constitution adopted the legislation referred to, is quite as conclusive as the act of the people's representatives in legislative assembly.

We are of opinion that the judgment of the District Court is correct, and that the District Court has not original jurisdiction to try a case of assault and battery, but only appellate jurisdiction (Const. art. viii. § 11) to try such case as has arisen in the Justice's or lower court.

Where we have spoken of the Constitution adopting the laws of the Territory, it will be understood, of course, that we mean

adopted until altered or repealed, etc.   (Const. art. xx. Schedule, § 1.)

Again, where we have spoken of the Constitution conferring jurisdiction, we are speaking only from the point of view of this case, and are not to be understood as excluding constitutional legislation giving jurisdiction.

The judgment of the District Court is affirmed.

                                                                  *Affirmed.*

Blake, C. J., and Harwood, J., concur.