[No. 1776.]

IN THE MATTER OF THE APPLICATION OF DUDD MOORE FOR A WRIT OF PROHIBITION, RELATOR, v. JOHN S. ORR AND W. H. A. PIKE, JUDGES OF THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR WASHOE COUNTY, AND SAID DISTRICT COURT, RESPONDENTS.

1.  PROHIBITION — JUDICIAL PROCEEDINGS — CRIMINAL CASES. If the district court did not have the power to proceed originally by indictment in a criminal case, prohibition is the proper remedy to prevent it from taking jurisdiction.

2.  CRIMINAL LAW—JURISDICTION OF COURTS—ORIGINAL JURISDICTION OF DISTRICT COURT. The Constitution of Nevada, art. VI, sec. 1, vests the judicial power in a supreme court, district courts, and justices' courts. Section 6 gives the district courts original jurisdiction in all criminal cases, not otherwise provided for by law, and gives them appellate jurisdiction in cases arising in justices' courts, etc. Section 8 authorizes the creation of justices' courts by the legislature, and provides that such courts shall have such criminal jurisdiction as may be prescribed by law. The act of January 26, 1865 (Stats. 1864–65, p. 110, c. 19; Comp. Laws, 2531), gives justices' courts jurisdiction of all misdemeanors punishable by fine not exceeding five hundred dollars, or imprisonment not exceeding six months, or both. Relator was indicted in the district court for a misdemeanor punishable by a fine not exceeding two hundred dollars, or imprisonment not exceeding three months, or both, and brings prohibition to prevent the district court from taking original jurisdiction of the offense, claiming that it has only appellate jurisdiction. Held, that under section 6, giving the district court jurisdiction in all criminal cases not otherwise provided for by law, where the legislature gave justices' courts jurisdiction of misdemeanors of the class mentioned, the district court was deprived of original jurisdiction in such cases, and had only appellate jurisdiction, so that it could not try such a case by indictment.

PROHIBITION by Dudd Moore against John S. Orr and W. H. A. Pike, Judges of the District Court of the Second Judicial District of the State of Nevada, Washoe County, and the District Court, to prevent respondents from taking original jurisdiction of a case. **Writ granted. Petition for rehearing denied.**

The facts sufficiently appear in the opinion.

*M. B. Moore* and *W. D. Jones*, for Relator:

I.   The district court, in overruling the demurrer to the indictment, held that, while it was a close question, the jus-

tice courts and district courts had concurrent jurisdiction of the offense charged in the indictment. There can be no concurrent jurisdiction of justice courts and district courts in this state in any criminal case. (Constitution, art. VI, sec. 8; Comp. Laws, 119.)

II. Article VI, section 4, of the Constitution provides that the supreme court shall have appellate jurisdiction "in all criminal cases in which the offense charged amounts to felony." In *State* v. *McCormick*, 14 Nev. 347, in an opinion written by Judge Hawley, art. VI, sec. 4, of the Constitution was construed and it was held "that the right of appeal in criminal cases is restricted to cases where the punishment adjudged is a sentence to confinement in the state prison, or to death." In the case at bar there can be no punishment adjudged to confinement in the state prison or to death, because, under the statute under which the indictment against the relator was found, the maximum penalty is fixed at not to exceed a fine of two hundred dollars, or three months in the county jail, or by both such fine and imprisonment. (Comp. Laws, 4920; *State* v. *McCormick*, 14 Nev. 347; *State* v. *Quinn*, 16 Nev. 89.) Relator insists that the question of appeal presents the true test as to whether or not the district court has jurisdiction of the indictment in this case, and that question must be resolved in favor of the relator, for it is perfectly clear that if the relator should be convicted upon his trial on the indictment found against him in the District Court of Washoe County he could not appeal to this court from any judgment that might be rendered against him.

*T. F. Moran*, District Attorney, and *Summerfield & Curler*, for Respondents; *Charles H. Burritt* and *Thomas E. Kepner*, of Counsel:

I. It is well settled that courts of limited jurisdiction have no implied power. The jurisdiction of justices of the peace, police judges, and similar courts is wholly the creature of statutes, which are strictly construed. (*Ex Parte Dolan*, 128 Cal. 460; 60 Pac. 1094; *Ex Parte Giambonini*, 117 Cal. 573.)

II. The power of this court to issue extraordinary writs

of *mandamus*, *certiorari*, and prohibition is conferred by express provisions of the Constitution. Nevertheless, it is well settled that the court will not issue such writs where there is a plain, speedy, and adequate remedy in the ordinary course of law. The impolicy of granting an extraordinary writ when a case may be brought up by error or appeal is apparent. What was said on this subject by the court in *American Company* v. *Jacksonville Railway*, 148 U. S. 379, is equally applicable here.

By the Court, NORCROSS, J.:

This is an original proceeding in prohibition. Petitioner was indicted by the grand jury of Washoe County for the crime of keeping a disorderly house in the City of Reno, contrary to the provisions of section 4920 of the Compiled Laws, making such offense a misdemeanor punishable by a fine not exceeding two hundred dollars or imprisonment in the county jail not exceeding three months, or by both such fine and imprisonment. The petitioner contends that the justice court has exclusive original jurisdiction of the offense charged in the indictment, and that the district court has only appellate jurisdiction in the premises. It appears from the petition that a demurrer to the jurisdiction of the district court was regularly interposed, and was overruled, and that the respondent court will proceed to the trial of the petitioner upon the indictment unless restrained by this court. If, as contended, the trial court is without jurisdiction to proceed originally by indictment against the petitioner for the offense charged, prohibition is an appropriate remedy. (*Bell* v. *District Court*, 28 Nev. 280; *Green* v. *Superior Court*, 78 Cal. 556, 21 Pac. 307, 541; *Gafford* v. *Bush*, 60 Cal. 149.)

By section 1 of article VI of the Constitution of this state, it is provided: "The judicial power of this state shall be vested in a supreme court, district courts, and in justices of the peace. The legislature may also establish courts, for municipal purposes only, in incorporated cities and towns." By section 6 of the same article it is provided: "The district courts in the several judicial districts of this state shall have original jurisdiction * * * in all criminal cases

not otherwise provided for by law. They shall, also, have final appellate jurisdiction in cases arising in justices' courts and such other inferior tribunals as may be established by law.   *   *   *"

By section 8 of the same article it is provided: "The legislature shall determine the number of justices of the peace to be elected in each city and township of the state, and shall fix, by law, their powers, duties and responsibilities; *provided*, that such justices' courts shall not have jurisdiction of the following cases:   *   *   *   Of cases that shall in any manner conflict with the jurisdiction of the several courts of record in this state; *and, provided further*, that justices' courts shall have such criminal jurisdiction as may be prescribed by law; and the legislature may confer upon said courts jurisdiction, concurrent with the district courts, of actions to enforce mechanics' liens, wherein the amount (exclusive of interest) does not exceed three hundred dollars; and also actions for the possession of lands and tenements, where the relation of landlord and tenant exists, or when such possession has been unlawfully or fraudulently obtained or withheld. The legislature shall also prescribe by law the manner and determine the cases in which appeals may be taken from justices' and other courts. The supreme court, the district court, and such other courts as the legislature shall designate, shall be courts of record."

It will be noted from the last section quoted that by the Constitution such criminal jurisdiction is conferred upon the justices' courts "as may, be prescribed by law." The Constitution of this state went into effect by proclamation of the President, October 31, 1864. By act of the legislature entitled "An act concerning the courts of justice of this state, and judicial officers," approved January 26, 1865 (Stats. 1864–65, p. 110, c. 19), it is provided in section 31 (Comp. Laws, 2531) as follows: "Justices' courts shall also have jurisdiction of the following public offenses, committed within the respective counties in which such courts are established: First, petit larceny; second, assault and battery, not charged to have been committed upon a public officer in the discharge of his duties, or with intent to kill;

third, breaches of the peace, riots, affrays, committing a wilful injury to property, and all misdemeanors punishable by fine not exceeding five hundred dollars, or imprisonment not exceeding six months, or by both such fine and imprisonment."

The offense charged in the indictment is a misdemeanor, and the penalty imposed brings it within the original jurisdiction of the justice's court. While it is conceded by counsel for respondent that the offense charged is within the jurisdiction of the justice's court, it is contended that such jurisdiction is only concurrent with that of the district court, and that there is no constitutional inhibition against the district court proceeding in the first instance against the petitioner by indictment. By the provisions of the Constitution, the original jurisdiction of the district courts in criminal cases comprehends all such cases as are "not otherwise provided for by law." When the legislature prescribed by statute that the justices' courts should have a certain criminal jurisdiction, did it create a jurisdiction in those courts within the meaning expressed by the words, "otherwise provided for by law," as used in the constitutional provision defining the jurisdiction of the district courts? If it did so, then unquestionably the respondent court is without jurisdiction to proceed against the petitioner under the indictment. While the legislature has enacted statutes broad enough in their provisions to authorize the district courts to proceed by indictment in any criminal case, nevertheless it is conceded that the legislature has no power to enlarge the jurisdiction of any court beyond that expressed in the Constitution. Unless it was the intention of the framers of the Constitution that the criminal jurisdiction of justice's courts should be concurrent with that of the district courts, if not expressly provided by statute to the contrary, the provisions of the statute, which of themselves may be susceptible of such construction, cannot alone confer such jurisdiction.

A similar question to that here involved came before the Supreme Court of California in the case of *Ex parte Wallingford*, 60 Cal. 103. Wallingford was indicted by the superior court for the crime of petit larceny, a misdemeanor within

the jurisdiction of the justice's court of that state. The court in that case by Ross, J., said: "The provisions of law, constitutional as well as statutory, to be considered in this case, are very different from those considered in *Ex parte McCarthy*, 53 Cal. 412, which case arose prior to the adoption of the Constitution of 1879. The question is: Has the superior court jurisdiction of the crime of petit larceny? The jurisdiction of that court is fixed by the Constitution itself. (Sec. 5, art. VI.) With respect to criminal matters, it is given jurisdiction of 'all criminal cases amounting to felony, and cases of misdemeanor, not otherwise provided for.' Of course, the legislature cannot take from the jurisdiction conferred by the Constitution on the superior court, except as expressly permitted by the Constitution itself. With respect to misdemeanors, however, the Constitution authorizes the legislature to take from that jurisdiction, for, as already observed, it gives to the superior court jurisdiction in 'cases of misdemeanor not otherwise provided for,' and follows that provision with another—section 11 of article VI—giving the legislature power to establish justices' courts and to 'fix by law the powers, duties and responsibilities' thereof, provided such powers shall not in any case trench upon the jurisdiction of the several courts of record, except that said justices shall have concurrent jurisdiction with the superior courts in certain cases of forcible entry and detainer, and in certain cases to enforce and foreclose liens on personal property. It is thus seen that, by the express terms of the Constitution, the legislature is empowered to establish justices' courts, and to confer upon them such powers as to it shall seem proper, provided such powers shall not in any case trench upon the jurisdiction of the several courts of record with the exceptions already noted. The limitation as to trenching upon the jurisdiction of the several courts of record obviously refers to the jurisdiction conferred upon those courts by the Constitution itself. * * * But, while the Constitution also confers upon the superior court jurisdiction in cases of misdemeanors, it is of misdemeanors that are not otherwise provided for. When the legislature, pursuant to the power conferred by section 11 of article VI, 'to otherwise provide

for' certain or all misdemeanors, does otherwise provide for certain of them, and confers upon the justice's court jurisdiction in certain cases of misdemeanor, the jurisdiction so conferred becomes exclusive, for they then become cases of misdemeanor 'otherwise provided for,' over which, according to the express language of the Constitution, the superior court has no jurisdiction. This being, as we conceive, the true interpretation of the provisions of the Constitution bearing on the subject, it results that the superior court has lost jurisdiction of the crime of petit larceny, since the legislature has, by section 115 of the Code of Procedure (Newmark's ed.), conferred on the justice's court jurisdiction of that, together with other misdemeanors."

To the same effect is the case of *Gafford* v. *Bush, Judge,* 60 Cal. 149.

The case of *Green* v. *Superior Court,* 78 Cal. 556, 21 Pac. 307, 541, was one for misdemeanor cognizable by the police court of the City and County of San Francisco, a court "created by the legislature under the authority of the Constitution," but not expressly created by that instrument. In this case the court said: "It seems to us, therefore, that the only question that can arise here is whether the jurisdiction conferred upon the police courts in this class of cases is exclusive or concurrent with that of the superior courts. The evident object and purpose of the Constitution in providing for the jurisdiction of superior courts in cases of misdemeanor of the lower grades was to leave it to the legislature to provide inferior courts in cities and towns, with jurisdiction to try the same, and that such jurisdiction should vest in the superior courts only until such inferior courts should be provided for. The language of the Constitution can bear no other construction. It vests this jurisdiction in the superior court, if not otherwise provided for. Just so soon as the jurisdiction is otherwise provided for the authority of the superior court to act ceases. This has been held in the case of the justices' courts."

To the same effect are the cases of *People* v. *Joselyn,* 80 Cal. 545, 22 Pac. 217; *People* v. *Lawrence,* 82 Cal. 182, 22

Pac. 1120; *Ex parte Neustadt*, 82 Cal. 273, 23 Pac. 124; *People* v. *Hamburg*, 84 Cal. 471, 24 Pac. 298.

The Supreme Court of Montana (*State* v. *Myers*, 11 Mont. 365, 28 Pac. 650), considering a similar question under the constitutional provisions of that state, say: "'The district court has not original jurisdiction over all cases of misdemeanor. It has original jurisdiction over cases of misdemeanor of a certain class. That class is described in the Constitution as 'all cases of misdemeanor not otherwise provided for.' The misdemeanor in question in this case was that of assault and battery. Is jurisdiction of that misdemeanor provided for otherwise than in the district court? The justice's court shall have jurisdiction 'in criminal matters, not of the grade of felony, as may be provided by law.' Assault and battery is not 'of the grade of felony.'  *  *  * Is its jurisdiction 'provided by law' to be in the justice's court? By virtue of article XX, Schedule, section 1, the Constitution adopted as a law of the state section 6 of the criminal practice act. That section became a law of the state contemporaneously with the Constitution. It is congenital with it. That is to say, it became a law so far as it was not inconsistent with the Constitution. A portion of that section is: 'Justices of the peace shall have jurisdiction of all misdemeanors committed in the county in which they shall be qualified to act, when the punishment therefor does not exceed a fine of one hundred dollars, or imprisonment for three months in the county jail, or both such fine and imprisonment.' This paragraph just cited is not inconsistent with the Constitution, and therefore became, and as it has not been repealed or altered, is, the law. Assault and battery is such a misdemeanor as described in that paragraph.  *  *  * It is therefore 'provided by law'  *  *  * that justices' courts shall have jurisdiction of the offense of assault and battery. The jurisdiction of the offense of assault and battery is therefore 'otherwise provided for,'  *  *  * and consequently the district court has not original jurisdiction of that offense. Now we encounter the argument made by the state's counsel. The first paragraph of section 6

of the criminal practice act is: 'The district courts shall have exclusive jurisdiction in all cases of felony, and of all offenses not cognizable in the probate courts, or courts of justices of the peace, and jurisdiction concurrent with said courts of all other offenses.' The words last used, 'all other offenses,' would include, of course, assault and battery. It is contended by the state's counsel that this paragraph of section 6 was adopted by the Constitution as the law of the state, and that therefore the district court has concurrent original jurisdiction with the justice's court of the misdemeanor of assault and battery. But that paragraph was not adopted if it is inconsistent with the Constitution. It is inconsistent with the Constitution, in this: The Constitution says that the district court shall have original jurisdiction 'in all cases of misdemeanor not otherwise provided for.' This is equivalent to declaring that the district court shall have jurisdiction only in those cases of misdemeanor 'not otherwise provided for,' for the reason that the district court obtains its life and jurisdiction only from the Constitution, and takes only that which the Constitution gives it by express words or necessary implication. Therefore it is declared by the Constitution that the district court has jurisdiction only of misdemeanors 'not otherwise provided for.' Now, jurisdiction of the misdemeanor of assault and battery is 'otherwise provided for.' * * * Its jurisdiction in the justice's court is 'provided by law.' * * * Therefore the first paragraph of section 6 of the criminal practice act was not adopted by the Constitution for the following reason: For said paragraph of section 6 to give to the district court concurrent jurisdiction with the justice's court of the misdemeanor of assault and battery would be inconsistent with the provisions of the Constitution, for the reason that that instrument declares that the district court shall have jurisdiction only of a certain class of misdemeanors, viz., those 'not otherwise provided for.' It further declares that jurisdiction of assault and battery shall be in the justice's court, if such jurisdiction be 'provided by law,' and, furthermore, the Constitution adopts * * * a law * * * which provides * * * that the jurisdiction of assault and battery shall be in the justice's

court. Such are our views of the construction of the Constitution. We observe that they are in accord with the decisions of the Supreme Court of California. * * * The conclusion that we have reached seems to us as simple and inevitable as a mathematical demonstration."

Considering the effect of certain statutory provisions, the Supreme Court of Illinois in *Ferguson* v. *People*, 90 Ill. 510, said: "We regard it a plain proposition that, when original jurisdiction was conferred on justices of the peace in cases of assault and battery by section 381 (Rev. St. 1874, p. 405), the enactment of section 392 of the same chapter, conferring criminal jurisdiction of all criminal offenses on the circuit court, containing these words, 'except as otherwise provided by law,' was an explicit declaration that jurisdiction had been conferred upon justices of the peace in cases of assault and battery, and that such jurisdiction was excepted from the circuit courts of the state."

Counsel for respondent contends that the case of *Ex parte McCarthy*, 53 Cal. 412, is a case which presents constitutional and statutory features more nearly like those which exist in this state than the other California cases which were rendered under the provisions of the Constitution of 1879 of that state. We are unable to see the force of this contention. The question involved in this case is the effect of the expression, "not otherwise provided for by law," contained in the section of our Constitution defining the jurisdiction of our district courts. No similar expression appeared in the Constitution of California at the time the McCarthy case was rendered, while a similar expression does appear in the later Constitution of California in force at the time the other cases cited were decided. The distinction in the constitutional provisions is pointed out in the Wallingford case, *supra*.

Reliance is placed by counsel for respondent upon the following rule stated in 12 Cyc. 199, under the title, "Statutes Conferring Concurrent Jurisdiction": "Where a court has jurisdiction of a crime, a statute simply conferring the same jurisdiction on another court does not deprive the former of its jurisdiction, in the absence of an express provision or clear implication to that effect, but merely confers concurrent

jurisdiction. A statute conferring upon a justice of the peace jurisdiction to try a crime which is indictable in the superior court does not by implication oust the superior court of jurisdiction."

We have examined all the authorities cited in support of the text, and, while they support the above rule, they are not cases like the one at bar, nor those heretofore referred to, excepting the case of *Ex parte McCarthy*, which is cited as illustrative of the rule. If our constitutional provision was simply to the effect "district courts shall have original jurisdiction in all criminal cases," then it might be said that conferring certain jurisdiction upon the justice's court would not oust the district courts of jurisdiction. The provision, however, adds the words, "not otherwise provided for by law." When, in pursuance of a specific provision of the Constitution providing therefor, jurisdiction over certain criminal cases is conferred upon justice's courts, they become cases "otherwise provided for by law," and are by the plain language of the Constitution excepted from the jurisdiction of district courts. This case rather falls within the principle noted within the text as an exception to the rule above quoted, or rather the rule governing under a certain situation. "But when, from the terms of the statute conferring jurisdiction, it is apparent that the legislature intended the jurisdiction thus conferred to be exclusive, the first court is deprived of its jurisdiction." (Cyc. *supra*.) The jurisdictional question in this case is controlled by the Constitution rather than by legislative enactment, but this only emphasizes the force of the rule.

Our attention is directed to the following expression found in the Constitutional Debates made by Delegate C. M. Brosnan, afterwards one of the first justices of this court: "In criminal cases, as I said before, there is in my judgment no necessity for any further provision, because there is no limitation of the district courts whatever upon that subject. There is nothing to take away the jurisdiction of any specific criminal case from them, but the whole body of the criminal law is within their grasp. We have merely provided that justices of the peace may have concurrent jurisdiction with

the district courts conferred upon them by law, in certain criminal cases, so that in my judgment (and I speak on that subject with great respect and deference for the opinion of the gentleman from Ormsby) the district courts have full jurisdiction over all those cases." (Const. Debates, p. 720.)

It will be observed in the expression noted that Judge Brosnan recognizes that his opinion quoted was not in harmony with that of "the gentlemen from Ormsby," J. Neely Johnson, president of the convention, and subsequently also a justice of this court. The question under consideration at the time the remarks quoted were made related to the necessity of making some further provision in the schedule providing against the possibility of certain character of actions pending in the territorial courts not being within the jurisdiction of any court when the Constitution should go into effect, especially in regard to cases pending in the probate court, which by the Constitution was abolished. When section 6, *supra*, of the Constitution, was reported to the convention, it contained this expression, "and also in all criminal cases not otherwise provided for in this Constitution, under such regulations as may be prescribed by law."

Concerning the foregoing language, Judge Brosnan said: "Those words were used with a view to harmonizing with the jurisdiction proposed to be given to the county court in Storey County, and, the convention having determined to abolish that court, they are rendered superflous. I will move to amend by striking out the words 'in this Constitution, under such regulations as may be prescribed by law.' Then the clause will read, 'and also in all criminal cases not otherwise provided for by law.' This will be in conformity with the section intended to give certain criminal jurisdiction to the justices of the peace." (Const. Debates, 718.)

Again, in the course of the debate (page 718), Judge Brosnan expressed the following views: "My idea is this: The district courts have primary jurisdiction in all matters, no matter what the amount involved, if they be cases in equity or law or criminal cases. Then, when you come to divide up that jurisdiction between the district court and the others which you have established, all that you do not impart to the

other courts, whether inferior or superior to the district court, of course it retains, from the nature of its original character; having comprehension enough it embraces every species of cases generally characterized as law case, equity case, or criminal case. That is to say, the district court retains all the jurisdiction that you do not take from it and give to another court, so that it still would have jurisdiction in all general cases of that description, except what you may have given to justices of the peace, in cases of a criminal nature."

Referring to the consideration to be given the Constitutional Debates, in *Lewis* v. *Doron*, 5 Nev. 409, this court said: "It is not improper in this connection to examine the debates upon the subject, though, of course, they are not authoritative, nor is binding effect to be given to them, as it is the Constitution which the people adopted." Whatever light, however, may be gathered from the debates, taken as a whole, is not, we think, in harmony with respondent's contention in this proceeding. Under the laws of the Territory of Nevada, district courts had, in addition to their civil jurisdiction, jurisdiction "in all criminal cases not otherwise provided for." The same law conferred on justices' courts substantially the same jurisdiction which those courts now exercise. (Laws Terr. Nev. 1861, pp. 416, 419.) The Constitution did not, therefore, change existing conditions so far as criminal jurisdiction was concerned, except by abolishing the probate courts, which exercised appellate jurisdiction over the justices' courts.

It appearing to us that, by the terms of the Constitution, the district courts do not have original jurisdiction of any criminal offense over which jurisdiction has been conferred by law upon the justices' courts, the proceeding against petitioner in the respondent court is without jurisdiction.

Wherefore it is ordered that the writ issue as prayed for.