STATE EX REL. FREEBOURN, ATTORNEY GENERAL, RELATOR, v. DISTRICT COURT ET AL., REPONDENTS.

(No. 7,709.)

(Submitted June 14, 1937.  Decided June 22, 1937.)

[69 Pac. (2d) 748.]

*Mr. Harrison J. Freebourn,* Attorney General; *Mr. Enor K. Matson,* Assistant Attorney General; *Mr. W. A. Hartman* and *Mr. H. B. Landoe,* for Relator, submitted an original and a reply brief; *Mr. Matson* and *Mr. Hartman* argued the cause orally.

*Messrs. Gibson & Smith,* and *Mr. E. F. Bunker,* for Respondents, submitted a brief; *Mr. Fred L. Gibson* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is a proceeding by supervisory control to review the action of respondent court in dismissing an action for want of jurisdiction. The facts are these:

The State of Montana filed an information in the respondent court against W. E. Dean, charging him with practicing medicine and surgery without a license, contrary to section 3122, Revised Codes. The case came on for trial and after the jury was selected counsel representing the state made the opening statement to the jury, from which it appeared that W. E. Dean

was a duly licensed osteopath. This fact, his counsel contended, taken in connection with the allegations in the information, shows that, if he violated any law, it was section 3130, Revised Codes. His counsel moved for a dismissal of the action upon the ground that the justice court had exclusive original jurisdiction of the offense, and that the district court was without jurisdiction. The court sustained the motion and dismissed the action. The correctness of this ruling is the only question before us.

The justice court has exclusive jurisdiction over "all misdemeanors punishable by fine not exceeding five hundred dollars, or imprisonment not exceeding six months, or by both such fine and imprisonment." (Secs. 8842, 11630, Rev. Codes; *State* v. *Myers*, 11 Mont. 365, 28 Pac. 650; *Ex parte Sheehan*, 100 Mont. 244, 49 Pac. (2d) 438.)

Section 10725, Revised Codes, provides: "Except in cases where a different punishment is prescribed by this code, every offense declared to be a misdemeanor is punishable by imprisonment in a county jail not exceeding six months, or by a fine not exceeding five hundred dollars, or both."

Hence, the question before us is, What is the penalty prescribed for the offense involved? Section 3122, Revised Codes, prescribes a penalty of not more than $1,000, nor less than $250, or imprisonment in the county jail not exceeding one year, nor less than ninety days, or both such fine and imprisonment. Obviously, the district court has jurisdiction if the offense be that prescribed by section 3122. If section 3130 has been violated, and if the fact that Dean is the holder of a certificate authorizing him to practice osteopathy brings the case without section 3122 and within section 3130, then it is simply denounced as a misdemeanor. This being so, counsel for respondents contend the punishment must be that prescribed by section 10725, and that the justice court has exclusive jurisdiction.

A· resort to the history of section 3130, read in connection with section 3132, refutes the contention of respondents' counsel. Section 3130 was first enacted in 1901 as section 6 of House

80

Bill No. 38 (Laws 1901, p. 48). Section 6 then provided: "The certificate provided for in Section five of this Act shall not authorize the holder thereof to prescribe or use drugs in the practice of osteopathy, for (or) to perform major or operative surgery; And any person holding certificate under this Act, who shall prescribe or use drugs in the practice of osteopathy, or who shall perform major, minor or operative surgery, shall be deemed guilty of a misdemeanor; provided, that nothing in this Act shall be so construed as to prohibit any legalized osteopath in this State from practicing major or operative surgery after having passed a satisfactory examination in surgery before the State Board of Medical Examiners of the State of Montana." Section 8 of the same Act provided: "Any person practicing osteopathy in this State without first having obtained a license herein provided for, or contrary to the provisions of this Act, or who, for the purpose of obtaining such license, shall falsely represent himself or herself to be the holder of a diploma as herein provided, shall be deemed guilty of a misdemeanor, and upon conviction therefor (thereof), shall be punished by fine of not less than fifty dollars, nor more than one hundred dollars, or by imprisonment in the county jail for a period of not more than ninety days for each and every such offense. It shall be the duty of the respective county attorneys to prosecute violations of this Act."

In 1905 sections 6 and 8 were re-enacted without substantial change as parts of the same Act (Chapter 51, Laws of 1905). Section 8 was amended in 1907 by Chapter 112, Laws 1907, to read: "Any person practicing osteopathy in this state without first obtaining a license herein provided for, or contrary to the provisions of this Act, or who, for the purpose of obtaining such license shall falsely represent himself or herself to be the holder of a diploma as herein provided, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be punished by a fine of not more than one thousand dollars, nor less than two hundred and fifty dollars, or by imprisonment in the county jail not exceeding one year, nor less than ninety days, or by both fine and imprisonment for each and every such of-

fense. It shall be the duty of the respective county attorneys to prosecute violations of this Act.'' As thus amended, it is now section 3132. Section 3132 plainly prescribes the penalty for the offense denounced in section 3130. These sections were originally parts of the same Act and both have been carried into the Codes ever since as parts of the law regulating the practice of osteopathy.

It was clearly the legislative intent that for violations of that Act the penalty is that provided in section 3132. This is manifest from the language used in section 3132 to the effect that anyone practicing osteopathy ''contrary to the provisions of this Act'' is subject to the penalty there imposed. An osteopath who prescribes or uses drugs in the practice of osteopathy or who performs major or operative surgery is practicing contrary to the provisions of the Act regulating the practice of osteopathy within the meaning of section 3132. Since section 3132 prescribes a penalty for all violations of the statutes regulating the practice of osteopathy, of which section 3130 is a part, section 10725 has no application to a prosecution under section 3130.

The penalty under section 3132 is exactly the same as that imposed by section 3122 and both prescribe a penalty beyond that over which justice courts have jurisdiction. So whether the case falls within section 3122 or section 3130, the district court has jurisdiction.

Counsel for respondents contend that the action was properly dismissed because the information does not allege sufficient facts. Were we to say that the information was insufficient, this would not warrant a dismissal of the action if in the opinion of the court the objection may be avoided by an amended information. (Sec. 11902, Rev. Codes.) The trial court did not consider this point on the motion to dismiss, but dismissed the action solely on the ground that it had no jurisdiction. This was error. The writ as prayed for will issue.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES STEWART, ANDERSON and MORRIS concur.